UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH JAMES REYES,<br><br>              Plaintiff,<br><br>   v.<br><br>CORIZON HEALTH SERVICES, LLC, and DR. JOHN DOE,<br><br>              Defendants. | Case No. 1:18-cv-00114-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (Initial Review Order, Dkt. 7.)

Plaintiff has now filed a motion for amendment, which the Court construes as including Plaintiff's amended complaint. (Dkt. 11.) The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the amended complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial complaint. Thus, the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1.    Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious

claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

**2.      Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**3.      Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute, and the Health Insurance Portability and Accountability Act ("HIPAA").

To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Plaintiff has not plausibly alleged that any Defendant violated his Eighth Amendment right to adequate medical care. Plaintiff's only assertions are exceedingly vague and do not give rise to a reasonable inference that any Defendant acted with deliberate indifference for purposes of his § 1983 claims, or even with negligence for purposes of state law claims. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that prison officials or prison medical providers can be held liable under § 1983 if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs."); *McDevitt v. Sportsman's Warehouse, Inc.*, 255 P.3d 1166, 1169 (Idaho 2011) (setting forth the elements of a negligence claim under Idaho law). Further, as the Court previously explained, HIPAA does not provide a private right of action. *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010).

For the foregoing reasons, the amended complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

4.  **Conclusion**

The amended complaint contains precisely the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that the Court need not accept as true under Rule 8 or §§ 1915 and 1915A. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268

(9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Extension of Time to Amend (Dkt. 10) is GRANTED. The amended complaint is deemed timely fined.

2. Plaintiff's "Motion for Amend[ed] Complaint for HIPAA Violation Rights" (Dkt. 11) is DENIED.

3. The amended complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: November 30, 2018

B. Lynn Winmill
Chief U.S. District Court Judge